DAVID J. COHEN, ESQ.
California Bar No. 145748
KALI S. GRECH, ESQ.
California Bar No. 238461
**COHEN & PAIK LLP**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **IRVIN GRIFFIN**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CR S 06-451 EJG |
| ) | |
| Plaintiff,  ) | |
| ) | **AMENDED NOTICE OF MOTION AND** |
| v.  ) | **MOTION TO COMPEL DISCOVERY AND** |
| ) | **TO COMPEL THE GOVERNMENT NOT TO** |
| NEAL EDWARD PETERSON,  ) | **MAKE ANY PLEA OFFERS CONTINGENT** |
| JR.; IRVIN GRIFFIN;  ) | **ON MR. GRIFFIN NOT REVIEWING** |
| JAVARIS MARQUEZ TUBBS;  ) | **DISCOVERY** |
| ROBERT ANTHONY McCLARY;  ) | |
| and MICHAEL BLANCHE;  ) | Date: November 30, 2007 |
| ) | Time: 9:00 a.m. |
| Defendants.  ) | Ctrm: 8 |
| ) | |

I.

**STATEMENT OF FACTS**

The government has provided very limited discovery in connection with the indictment and superseding indictment. Specifically, the government has not provided sufficient information in connection with the witnesses (who, on information and belief are cooperating witnesses) against Mr. Griffen. Without this information, it is difficult, if not impossible, for Mr. Griffen to prepare for trial, or evaluate the potential risks involved in proceeding to trial.

In addition to the government's failure to produce discovery, the government has insisted that, in order for Mr.

1

Griffen to be eligible for a materially favorable plea offer, he may not look at the discovery that has been produced - although his counsel may.  This position, on the part of the government, is not lawful.  It has resulted, in part, in Mr. Griffen replacing his first attorney.

## II.

## DEFENDANTS IN CRIMINAL PROCEEDINGS HAVE A RIGHT TO DISCOVERY AND INSPECTION

USCS Fed. R. Crim. P 16 provides an extensive list of discovery the Government is required to disclose to the accused in any criminal proceeding. In *Brady v. Maryland* (1963) 373 US 83, the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87 A defendant is therefore entitled to view his discovery, and a violation of this right, constitutes a violation of a defendant's entitlement to Due Process under the Constitution.

Although the Prosecution has provided discovery to defendant's counsel, the Prosecution seeks to limit the defendant's right to view it.   The Prosecution is conditioning Mr. Griffin's right to cooperate with the government, in hopes of getting a favorable plea offer and a reduced sentence, on Mr. Griffin giving up his Due Process, constitutional and statutory rights to view the discovery in his case.

III.

## THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL APPLIES TO ALL CRITICAL STAGES OF THE PROSECUTION.

The Sixth Amendment requires that a defendant be afforded effective assistance of counsel at all "critical stages" of the criminal process. *Kirby v. Illinois,* 406 US 682, 690, *US v. Akins*, (9th Cir 2002) 276 F 3d 1141, 1146. Accordingly, "defendants are entitled to competent counsel 'at every stage of a criminal proceeding where substantial rights. . . may be affected." *US v. Leonti*, (9th Cir 2003) 326 F 3d 1111, 1116 citing *Mempa v. Rhay*, 389 US 128, 134 (1967). The right to counsel is therefore a fundamental right of defendants both at the pre-trial phase, in assisting a defendant during the plea process, and in sentencing phase of a criminal prosecution. *US v. Leonti*, *supra*, 326 F 3d at 1116-1117, *Mempa, supra*, 389 US at 134.    In *Leonti, supra*, the defendant's claim of ineffective assistance of counsel arouse of his counsel's conduct during the plea process, and during Leonti's attempts to cooperate with the Government. The court held "The plea proceeding is a critical stage," and so, the right to effective assistance of counsel applies. *Leonti, supra,* 326 F. 3d at 1117 citing *US v. Fuller* 941 F. 2d 993, 995 (9th Cir 1991). Court's have "found ineffective assistance of counsel is cases where an attorney's failures concerned the process of plea bargaining and reaching the plea agreement." *Id.,* relying on *US v. Blaylock*, 20 F. 3d at 1456-66 and *US v. Rivera-Sanchez*, 222 F. 3d 1057, 1060-1061. Relying on *Strickland v. Washington* 466 US 668, 690 (1984) the court in *Leonti* found that the defendant would state a claim under the *Sixth Amendment* if the attorney's conduct during the plea process was "outside the wide range of

3

1    professionally competent assistance."

2          As to the defendant's ineffective assistance of counsel

3    claim during the period of attempted cooperation, the *Leonti*

4    court found that "[c]ooperating with the government has become a

5    crucial aspect of plea bargaining and sentencing under the

6    Federal Sentencing Guidelines." *Id* at 1117. "We now acknowledge

7    that reality by recognizing attempted cooperation as a critical

8    stage of the proceeding." *Id* at 1118. Under 18 UCSC Appx §5k1.1

9    "[u]pon motion of the government stating that the defendant has

10   provided substantial assistance in the investigation or

11   prosecution of another person who has committed an offense, the

12   court may depart from the guidelines."  Obtaining a Substantial

13   Assistance motion is critical to defendant's ability to obtain a

14   reduced sentence. *Id.*   In *Leonti*, the court held that "an

15   attorney's assistance is critical to the cooperation process in

16   a number of respects, including, but not limited to, facilitating

17   communication between the defendant and the government, attending

18   proffer sessions, ascertaining the government's expectations and

19   whether the defendant is satisfying them, communicating the

20   client's limitations to the government, and establishing a record

21   of attempts to cooperate." *Leonti, supra, at 1119*. None of this

22   can be done, according to proper professional standards, without

23   being able to discuss the government's discovery with the

24   accused. A defendant cannot meaningfully participate in

25   cooperation with the Government without knowing what evidence the

26   Government has against him, and a defendant's attorney cannot

27   meaningfully assist his client through the process, without

28   knowing the strength of the government's evidence against the

                                    4

client.

The first prong of the *Strickland* test for ineffective assistance of counsel requires the defendant show that his counsel's performance was "unreasonable under prevailing professional standards." *Strickland,* 466 US at 687-91. Failure to review and discuss the discovery in a criminal case, with Mr. Griffin, would amount to ineffective assistance of counsel. It would be impossible to give sound legal advice whether or not to plead or cooperate with the Government. Any advice given would clearly fall below prevailing professional standards because it would be made without all information that should be considered, namely Mr. Griffin's own version of the facts which give counsel a basis for determining the weight and value of the evidence. Discovery is an integral part of any prosecution; it is the basis for any conviction, since it forms the body of evidence used against the defendant. Any assistance that counsel would offer to Mr. Griffin in the plea bargaining, cooperation, and sentencing processes would fall below professional standards and render his assistance ineffective, because an attorney cannot offer meaningful advice without the ability to discuss the discovery with his client. Without his client's story, the discovery has no meaning or value to an attorney who is unfamiliar with his client's version of the facts. "[U]tmost candor between an attorney and client is essential to effective assistance of counsel." *Bittaker v. Woodford*, (9th Cir 2003) 331 F.3d715, FN 7. Without speaking to a client about the discovery, counsel must rely solely on the Government's theory of the case, as set forth in the police report and charging documents, which are incredibly

1  one-sided and biased against any accused.

2  Without understanding a client's story, and the true value
3  and weight of the evidence the Government has, Mr. Griffin's
4  counsel cannot properly advise a client whether or not to accept
5  a plea offer, or whether or not to cooperate with the government
6  in hopes of receiving a reduced sentence. Any advice offered
7  would constitute ineffective assistance of counsel as it would be
8  "so incorrect and so insufficient that it [would] undermine[] his
9  ability to make an intelligent decision about whether to accept
10 the offer." *US v. Martin*, (E.Dist Penn 2006) 454 F. Supp 2d 278,
11 284 citing *US v. Day* (3d Cir 1992) 969 F 2d 39. Without the
12 ability to view the discovery, Mr. Griffin will be deprived of
13 his Constitutional right to effective assistance of counsel in
14 plea bargaining and potential cooperation phases of his case.

15                              **IV.**

16 **IT IS UNCONSTITUTIONAL FOR THE GOVERNMENT TO REQUIRE DEFENDANT**
**GIVE UP ONE CONSTITUTIONAL RIGHT IN ORDER TO EXERCISE ANOTHER**
17                            **RIGHT**

18 Mr. Griffin is entitled to the free and uninhibited exercise
19 of his rights. As shown above, an accused is entitled to the
20 discovery in his case, the body of evidence the government seeks
21 to use at trial to convict, under Fed. R. Crim Proc 16 and *Brady*
22 *v. Maryland*, (1963) 373 US 83. The defendant is also guaranteed
23 the right to effective assistance of counsel under the *Sixth*
24 *Amendment*. Case law has held the plea and cooperation phases of
25 prosecution to be critical stages at which the right to effective
26 assistance of counsel attaches. *US v. Leonti*, *supra*, 326 F 3d
27 1111. Under 18 USC 3553, the sentencing judge must consider
28 various factors in imposing sentence, one of which is the

                              6

consideration fo a reduced sentence, based on a defendant's "substantial assistance" rendered in cooperation with the Government under 18 USC 5k1.1.

The Government is conditioning the availability of a plea offer, the opportunity for potential cooperation, and ultimately the availability of  a reduced sentence, on Mr. Griffin not viewing the discovery in his own case. Conditioning the exercise of Mr. Griffin's rights is a Constitutional violation, forcing Mr. Griffin to choose between exercising different constitutional rights violates Due Process.

The Supreme Court held in *Simmons v. US*, 390 US 377 (1968), that it would be constitutionally unacceptable to require a criminal defendant to choose between two constitutional rights. Mr. Griffin is statutorily entitled to the discovery in his case under Fed. R. Crim P 16 and constitutionally entitled to the discovery under the Due Process Clause of the 14th amendment, as held in *Brady v. Maryland, supra*. Mr. Griffin is also entitled to participate in and have effective assistance of counsel at the pleading and cooperation phases of the prosecution. Preventing Mr. Griffin from reviewing and discussing the discovery with his attorney would render any legal advice given by his counsel, ineffective. "When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the *Sixth Amendment* right to counsel." *Bittaker v. Woodford*, (9th Cir 2003) 331 F 3d 715, citing *Clutchette v. Rushen*, 770 F. 2s 1469, 1471 (9th Cir 1985).

Any condition, requiring Mr. Griffin to choose between the

7

above listed rights, is a violation of Due Process. As the Supreme Court held in *Simmons, supra*, it is "intolerable that one constitutional right should have to be surrendered in order to assert another." The Prosecution is asking Mr. Griffin to give up his right to view the discovery, and his right to effective assistance of counsel, at the pleading and cooperation phases, so that he may have the option of discussing a plea or cooperation deal with the Government, in order to obtain a reduced sentence under 18 USC §3553 and 18 UCSC Appx §5K1.1. The Government cannot lawfully require Mr. Griffin to give up his rights, so that he may choose to exercise other rights.

## V.

### WITHOUT THE ABILITY TO VIEW THE DISCOVERY IN HIS CASE, MR. GRIFFIN CANNOT ENTER A PLEA THAT IS KNOWING, INTELLIGENT, AND VOLUNTARY

If Mr. Griffin is not allowed to view the discovery in his case, he will not be able to enter a proper plea. "A plea of guilty waives a number of constitutional rights," *Boykin v. Alabama* (1969) 395 US 238, 242-243 [citations omitted], and therefore, "[o]nly a voluntary and intelligent guilty plea is constitutionally valid." *Brady v. United States*, (1970) 397 US 742, 748. A plea is not intelligent unless a defendant first receives real notice of the nature of the charge against him. *Bousely v. US* (1998) 523 US 614, citing *Smith v. O'Grady*, (1941) 312 US 329, 334. "A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousely, supra*, 523 US 614. "A guilty plea is invalid if the defendant

does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *Wood v. Dretke*, *supra,* 2004 US Dist Lexis 11087. "In determining whether a plea is voluntary and intelligent, 'the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Id* at 17 citing *Taylor v. Whitely* 933 F 2d 325, 329 (5th Cir 1991). Viewing the discovery, and discussing its weight and value with counsel, is elemental to understanding the 'nature and substance' of the charges an accused faces.   The decision to plead is a decision that has imminent, immense implications for a defendant. A guilty plea oftentimes represents a choice among the lesser of two evils for anyone accused of a crime. While it is not compelled, a defendant may choose to plead guilty to a crime they didn't commit, to avoid the threat of trial and possibility of prison. Since an accused is giving up so many rights when pleading, this Constitutional standard requiring a "knowing and intelligent" waiver of rights must be strictly enforced.

It is impossible for Mr. Griffin to know the true nature of the charges without viewing the discovery in this case. Any plea Mr. Griffin entered would not be *intelligent,* and therefore, it would be defective. Without seeing the evidence, the defendant cannot understand the "nature and substance" of the charges against him, nor properly assess the strength of the Government's case. Any plea made without this information would

1 | not be made knowingly and intelligently, and would violate Mr.
2 | Griffin's constitutional rights.

### VI.

#### CONCLUSION

For the foregoing reasons, Mr. Griffin's moves that the government be compelled to delete the requirement that he personally not view the discovery in order for him to proceed with a potential plea agreement. Further, Mr. Griffen moves that the government be compelled to immediately provide all Rule 16 discovery and Brady and Giglio material.

Dated: November 16, 2007          Respectfully submitted,

                                         /s/ David J. Cohen
                                         300 Montgomery Street
                                         Suite 660
                                         San Francisco, CA 94104
                                         (415) 398-3900
                                         (415) 398-7500

**CERTIFICATE OF SERVICE**

I, Tonia M. Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 300 Montgomery Street, Suite 660, San Francisco, CA 94104.

A copy of the foregoing **AMENDED NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND TO COMPEL THE GOVERNMENT NOT TO MAKE ANY PLEA OFFERS CONTINGENT ON MR. GRIFFIN NOT REVIEWING DISCOVERY** in the case of <u>United States v. Peterson, et. al.</u>, CR S-06-451 EJG was sent by United States mail to:

> William S. Wong, Esq.
> Assistant United States Attorney
> United States Attorney
> Eastern District of California
> 501 I Street, Suite 10-100
> Sacramento, CA 95814

I certify under penalty of perjury that the foregoing is true and correct.   Executed on November 16, 2007, at San Francisco, California.

> <u>/s/ Tonia M. Sanchez</u>
> Tonia M. Sanchez
> Legal Assistant