DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **IRVIN GRIFFIN**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEAL EDWARD PETERSON, ) <br> JR.; IRVIN GRIFFIN; ) <br> JAVARIS MARQUEZ TUBBS; ) <br> ROBERT ANTHONY McCLARY; ) <br> and MICHAEL BLANCHE, ) <br> ) <br> Defendants. ) <br> _____) | CR S 06-451 EJG (EFB) <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY UNDER *UNITED STATES V. BRADY* AND *UNITED STATES V. GIGLIO*** <br><br> Date: December 21, 2007 <br> Time: 11:30 a.m. <br> Ctrm: 25 |

I.

**STATEMENT OF FACTS AND OF THE CASE**

Irvin Griffin is charged in four counts of the seven-count superseding indictment with two armed bank robberies of, respectively, the World Savings Bank in Chico, California, and Bank of America in Folsom, California. See 18 U.S.C. Section 2113. He is also charged with two counts of using a handgun in relation to each of the armed bank robberies in violation of 18 U.S.C. Section 924(c).

The initial complaint in this case was filed on October 12, 2006, and the initial two count indictment was filed on November 2, 2006, in connection with the World Savings Bank. Mr. Griffin was arraigned on November 29, 2006. Hayes H. Gable, III, Esq.

1

was appointed to represent Mr. Griffin. On information and belief, the government, in the early part of 2007, provided 132 pages of discovery to Mr. Gable. None of this discovery implicated Mr. Griffin in the alleged robbery of World Savings Bank.

Mr. Griffin, at the time he was arraigned on the initial indictment, was a paraplegic, due to an earlier shooting incident, in connection to which both sides concede he was a victim and had no responsibility. He was released on bond in this matter due to his very serious disability.

The government told Mr. Hayes that if he showed the 132 pages of discovery to Mr. Griffin, Mr. Griffin would not be able to avail himself of the opportunity to cooperate with the United States. Of course, the only way a minimum mandatory sentence under Section 924(c) may be reduced is after a government motion, pursuant to 18 U.S.C. Section 3553(e). If the government makes no motion, the Court is required to sentence a defendant to, at the very least, the minimum mandatory. In this case, sentencing Mr. Griffin, a paraplegic confined, at all times, to a wheelchair, to at least five years in federal prison would be an extraordinarily severe, if not cruel and unusual punishment.

Mr. Hayes, fearful of the consequences, did not show the discovery to Mr. Griffin. Mr. Griffin, as a result, lost confidence in Mr. Hayes, and hired new counsel. Assistant United States Attorney Wong, however, undeterred, filed a superseding indictment on June 7, 2007, alleging that Mr. Griffin was involved in an armed robbery of the Bank of America in Folsom, together with a Section 924(c) charge. The second Section 924(c)

charge requires a minimum mandatory sentence of 25 years. See 18 U.S.C. Section 924(c)(C)(I). As of June 7, 2007, Mr. Griffin was facing a minimum mandatory sentence of 30 years, together with the lengthy consecutive sentence for two armed robberies. Consequently, he is facing 40 or more years in federal custody, with 30 years required, unless the government makes a motion under 18 U.S.C. Section 3553(e) stating that Mr. Griffin has provided substantial assistance and cooperation.

On October 10, 2007, new counsel was provided, more than four months after the return of the indictment and almost four months after Mr. Griffin's arraignment, with discovery related to the second alleged armed bank robbery of the Folsom Bank of America. This "new" discovery amounted to 34 additional pages. The complete discovery now provided to counsel in connection with these extraordinarily serious allegations is 167 pages. The new discovery provided to counsel did not, in any way, implicate Mr. Griffin in the Folsom Bank of America robbery.

Mr. Wong, on November 30, 2007, and again on December 7, 2007, advised, respectively, Judge Garcia, and Magistrate Judge Brennan that he was taking the position that if counsel showed the discovery to Mr. Griffin, he would not be able to avail himself of the opportunity to cooperate and, possibly, benefit from a government Section 3553(e) motion. In fact, in the case of co-defendant McClary, the government has taken the position that if it provides discovery to counsel, the opportunity for a favorable plea agreement will no longer be available.

On December 7, 2007, in spite of the fact that Mr. Wong had previously indicated that he had provided all Rule 16 discovery,

he represented to the Court that he needed to check again to determine if the discovery provided was complete because he had been in a long trial. The Court gave Mr. Wong a deadline of December 14, 2007, to turn over all Rule 16 discovery.

Counsel has not shown any of the discovery to his client because of the government threats, and Mr. Griffin's very difficult situation. Counsel, under the circumstances, does not feel he can take such a risk. There is, however, a motion now calendared before Judge Garcia to compel the government not to make Mr. Griffin's opportunity for a plea agreement and to cooperate contingent on his not reviewing the provided discovery.

The defense is informed and believes.that there is at least one cooperating witness in this case, and that that cooperating witness is co-defendant Tubbs. This belief is based generally upon preparation of the case, and specifically upon the conduct of AUSA Wong at the last calling of the case on November 30, 2007. When the US Marshalls brought out defendant Tubbs, AUSA Wong requested he be taken back and not kept with the other defendants. Tubbs' defense counsel concurred in that request. Defense counsel is informed and believes that they made that request because Tubbs has become a cooperating witness and the government wishes to keep him away from the other defendants.

The government refuses to say whether or not it intends to call any cooperating witnesses, has refused to identify any cooperating witnesses, and has taken the position that any *Brady* and/or *Giglio* material in connection with any cooperating witnesses will be provided at the time of the provision of any Jenks act material - that is, statements of government witnesses,

4

which will be turned over after the direct testimony of those witnesses, and upon defense motion.

*Giglio* material includes any and all information, in possession of the government, which goes to the credibility or bias of a government witness, including plea agreements, cooperation agreements, prior record, reports about criminal or dishonest conduct of a defendant in government hands that does not amount to an actual statement under 18 U.S.C. Section 3500, and any and all other material going to the credibility of a government witness.

Co-defendant Tubbs was tried and convicted in another bank robbery case before Judge Garcia, in case no. 06-CR-00451-EJG, which took place May 9, 2006, through May 15, 2006. Docket in 06-CR-00451-EJG attached and incorporated as Exhibit B. He has not been sentenced in that case. The government has provided no discovery in connection with what occurred at that trial, or material which the government used at the trial against Mr. Tubbs, or would have used if he testified, or was in government possession concerning prior bad acts of Mr. Tubbs, or was in government possession concerning the credibility of Mr. Tubbs.

## II.

**GIGLIO MATERIAL IS BRADY MATERIAL AND IT MUST BE DISCLOSED AS PART OF THE GOVERNMENT'S PRETRIAL DISCOVERY OBLIGATIONS**

In *Brady v. Maryland* (1963) 373 US 83, the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. A prosecutor must disclose material exculpatory evidence on its own

motion, even without a defense request. *Kyles v. Whitley*, 514 U.S. 419, 432-34, 115 S.Ct. 1555, 1564-66 (1995). Violation of *Brady* is never harmless error. *Id.* at 435-36.

Evidence material to impeaching government witnesses, OR *Gigilo* material, is *Brady* material. "Evidence impeaching the testimony of a government witness falls within the *Brady* rule when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." *United States v. Brumel-Alvarez,* 991 F.2d 1452, 1458 (9th Cir.1992) (citing *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766 (1972)). Therefore the government has "the duty as required by *Giglio* to turn over to the defense in discovery *all* material information casting a shadow on a government witness's credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 333-34 (9th Cir.1993), emph. in orig.[1]

*Giglio* itself mirrors the facts in this case: One Robert Taliento, Giglio's alleged coconspirator in the offense, was the only witness linking him with the crime. The government did not disclose its promise to Taliento that he would not be prosecuted if he cooperated against Giglio. The Supreme Court concluded that promise fell within the government's *Brady* obligation, stating:

> Here the Government's case depended almost entirely on Taliento's testimony; without it there could have been no indictment and no evidence to carry the case to the jury. Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution

---

[1] In addition to due process itself, exposure of a witness' motivation in testifying is a proper and important function of the constitutional right of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110-11(1974).

would be relevant to his credibility and the jury was entitled to know of it.

*Id.* at 155.  *See also Carriger v. Stewart* 132 F.3d 463, 479 (9th Cir. 1997)("[C]riminals who are rewarded by the government for their testimony are inherently untrustworthy, and their use triggers an obligation to disclose material information to protect the defendant from being the victim of a perfidious bargain between the state and its witness."); *United States v. Bernal-Obeso*, 989 F.2d 331, 333-34 (9th Cir.1993) *United States v. Brumel-Alvarez,* 991 F.2d 1452, 1458 (9th Cir.1992);

## III.

### THE *BRADY* AND *GIGLIO* MATERIAL MUST BE IMMEDIATELY TURNED OVER TO MR. GRIFFIN GIVEN THE IMMINENT FEBRUARY 25, 2008 TRIAL DATE

*Brady* material, and by extension *Giglio* material, must be disclosed "at a time when disclosure would be of value to the accused." *United States v. Gordon*, 844 F.2d 1397, 1404 (9th Cir. 1988). The courts interpret this standard to mean the government must disclose significantly in advance of trial. In *Reiger v. Christianson*, 789 F.2d 1425 (9th Cir. 1986) the disclosure occurred at the pretrial conference. *Id.* at 1432.  In *United States v. Davenport*, 753 F.2d 1460 (9th Cir. 1984), the disclosure occurred after the prehearing conference but sufficiently in advance of trial that the defense was able to bring a motion on the issue. *Id.* at 1461-1462.  In *United States v. McClintock*, 748 F.2d 1278 (9th Cir. 1984), the disclosure occurred three weeks before trial. The court criticized the government, saying it "should have responded sooner." *Id.* at 1286. It found no prejudice, however, because the trial court granted the defense a continuance.

7

Unlike several of the ninth circuit cases on the issue, the discovery in this case is of significant volume. In *Gordon*, for instance, the late discovery was only one visitor log. *Supra*, 844 F.2d at 1404. In this case defense counsel is informed and believes the information will comprise the entire case against Mr. Griffin. The defense anticipates that it will take a minimum of three months to review and investigate the discovery, even if the only coopoerating witness is Tubbs because, *inter alia*, the Docket in his tiral before the Hon. Judge Garcia indicates that the *Giglio* material deriving from that case is likely to be voluminous. Exh. B. At hearing on this case defense counsel intends to present to the Court the declaration of an investigator, very experienced in federal cases, who will estimate more specifically the length of time needed. Exh. A.

In sum, if the government is allowed to withhold the *Giglio* material until after its witnesses have testified at trial, there will be one of two negative consequences: Either the defendant will be denied the ability to prepare and present his defense, violating his right to a fair trial, (*Gordon, supra,* 844 F.2d at 1404); or the trial will have to be suspended for months in order to effectuate the defendant's constitutional rights.

\ \
\ \
\ \
\ \
\ \
\ \

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Griffin moves that the government be compelled to immediately provide all *Brady* and *Giglio* material in its possession or in the possession of its agents.

Dated: December 12, 2007          Respectfully submitted,

/s/ David J. Cohen
300 Montgomery Street
Suite 660
San Francisco, CA 94104
(415) 398-3900
(415) 398-7500

**CERTIFICATE OF SERVICE**

I, Tonia M. Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 300 Montgomery Street, Suite 660, San Francisco, CA 94104.

A copy of the foregoing **NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY UNDER *UNITED STATES V. BRADY AND UNITED STATES V. GIGLIO* and DECLARATION OF COUNSEL DAVID J. COHEN, ESQ., IN SUPPORT OF NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY UNDER *UNITED STATES V. BRADY AND UNITED STATES V. GIGLIO*** in the case of United States v. Peterson, et. al., CR S-06-451 EJG was sent by United States mail to:

>    William S. Wong, Esq.
>    Assistant United States Attorney
>    United States Attorney
>    Eastern District of California
>    501 I Street, Suite 10-100
>    Sacramento, CA 95814

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2007, at San Francisco, California.

>    /s/ Tonia M. Sanchez
>    Tonia M. Sanchez
>    Legal Assistant