McGREGOR W. SCOTT
United States Attorney
WILLIAM S. WONG
JILL M. THOMAS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2790

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. S-06-451 EJG |
| ) | |
| Plaintiff, ) | SUMMARY ORDER |
| ) | |
| v. ) | |
| ) | |
| IRVIN GRIFFIN, et al. ) | |
| ) | |
| Defendants. ) | |

This case came before the court on February 29, 2008, for hearing on defendant Griffin's Motion to Compel the Government Not to Make Any Plea Offers Contingent on the Defendant Not Reviewing Discovery.  Defendant Irvin Griffin appeared with his counsel, David Cohen; defendant Neal Peterson appeared with his counsel, Michael Bigelow; defendant Robert McClary appeared with his counsel, William Bonham; defendant Michael Blanche appeared with his counsel, Joseph Wiseman; defendant Javaris Tubbs not present having previously filed a waiver of appearance, was represented by his counsel Steven Bauer; and William S. Wong and Jill Thomas, assistant U.S. Attorneys, appearing on behalf of plaintiff United States of America.

After considering the written briefs filed by all parties, and

after having been given the opportunity to orally argue the motion, the Court denied defendant Irvin Griffin's Motion to Compel the Government Not to Make Any Plea Offers Contingent on the Defendant Not Reviewing Discovery and made the following findings of fact and conclusions of law:

    1.  The Court found that there is no constitutional right to a plea bargain, citing <u>United States v. Estrada-Plata</u>, 57 F.3d 757, 760 (9th Cir. 1995).

    2.  The Court found that the Fifth and Sixth Amendments do not require federal prosecutors, before entering into a plea agreement with a criminal defendant, to disclose "impeachment information relating to any informants or other witnesses." <u>United States v. Ruiz</u>, 536 U.S. 622, 625 (2002).

    The government and all defendants agreed to a jury trial date of July 7, 2008.  The government estimated its case-in-chief to last approximately 7-9 court days.  The defendants estimated that the defense case would take approximately 5 court days.  All parties stipulate and in court found excludable time pursuant to T-4 and T-2 up to and including July 7, 2008.  The court vacated the status conference date of March 7, 2008.  Lastly, the court ordered the defense to file a stipulation and order setting forth an agreed trial confirmation hearing date.  Accordingly, the Court set the jury trial date for July 7, 2008, at 9:00 a.m. and excluded time within which the trial of this matter must be commenced pursuant to

///
///
///
///

1  T-2, finding that the case is unusual and complex, and T-4, to give
2  all counsels the opportunity to effectively prepare for trial.

---

**ORDER**

**IT IS SO ORDERED,**


DATED: April 3, 2008          /s/ Edward J. Garcia
                              HONORABLE EDWARD J. GARCIA
                              United States District Judge