DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Irvin Griffin**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEAL EDWARD PETERSON, ) <br> JR.; IRVIN GRIFFIN; ) <br> JAVARIS MARQUEZ TUBBS; ) <br> ROBERT ANTHONY McCLARY; ) <br> and MICHAEL BLANCHE, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____ ) | CR S 06-451 EJG <br><br> **MOTION TO COMPEL GOVERNMENT TO COMPLY WITH COURT'S GIGLIO AND JENCKS DISCLOSURE ORDER AND FOR EVIDENTIARY SANCTIONS AND [PROPOSED] ORDER** |

**STATEMENT OF FACTS**

The Court ordered the government to produce the Giglio and Jencks material 14 days prior to the commencement of the trial in this case on July 7, 2008. That made the documents due to be produced on Monday, June 22, 2008.

On June 22, 2008, the government advised that it could not fax the documents because the material was too lengthy. However, the government promised to send the documents by overnight mail for delivery on June 23, 2008.

On June 23, 2008, the documents did not arrive. Government counsel indicated that he had not yet had time to send the documents, but would send them by overnight delivery for delivery to Mr. Griffin's counsel's office on June 24, 2008.

1

On June 24, 2008, the documents did not arrive. Government counsel indicated that he would fax the documents by June 25, 2008 if counsel provided the government with a fax number and e-mail address (information already known to government counsel).

Today, June 25, 2008, the documents have still not arrived. Counsel has left a message for government counsel, but has received no response.

On June 24, 2008, the government made a plea offer which is scheduled to expire by the close of business on June 26, 2008, and predicated on Mr. Griffin's ability to review the discovery.

Also, the Court has indicated that any plea after June 27, 2008 must be to the indictment.

Accordingly, we file this motion.

## ARGUMENT

The Court should not permit the government to obtain a continuance of the trial date by failing to produce the Giglio and Jencks material.

The Court clearly ordered the government, almost four months ago, to comply with a deadline of June 22, 2008. The government has failed to comply.

The Court carefully set the deadline so as to balance the government's need to maintain confidentiality of its informants and cooperating witnesses, and the defendants' need to review the discovery prior to evaluation of any plea offer - set to expire at the TCH on June 27, 2008, and the time necessary to make effective use of the provided information prior to the July 7, 2008 trial.

2

Now, we have been deprived of three precious days - of the 14 available - to use the information for trial. Further, the trial date was carefully set so as to comply with the schedules of all counsel and to protect the defendants' rights to prepare for trial.

In addition, to deprive Mr. Griffin of the ability to review the discovery prior to his decision to enter or not enter a plea is a violation of due process.

The government should be ordered to immediately turn over the Giglio and Jencks material. Further, the Court should, upon appropriate showing that there is insufficient time to prepare for the July 7, 2008 trial, order the testimony of the witness(es) to which the Giglio and Jencks material applies to be excluded - rather than continuing the trial date. See United States v. Chapman, 524 F.3d 1073 (9th Cir 2008).

## CONCLUSION

For the foregoing reasons, the government should be ordered to immediately turn over all Giglio and Jencks material, Mr. Griffin should be given 48 hours to review that material prior to the expiration of the government's plea offer and the Court's deadline for entering into a plea agreement other than pleading guilty to the entire superseding indictment, and the testimony of the witnesses to which the late Giglio and Jencks applies should be excluded from evidence.

Dated: June 25, 2008                    Respectfully submitted,

                                        /s/ David J. Cohen
                                        300 Montgomery Street
                                        Suite 660
                                        San Francisco, CA 94104
                                        (415) 398-3900