1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                 UNITED STATES DISTRICT COURT

2                 EASTERN DISTRICT OF CALIFORNIA

3                          --oOo--

4

5    UNITED STATES OF AMERICA,        )
                                      )
6    vs.                              ) No. 2:06 cr 00451
                                      )
7    IRVIN GRIFFIN,                    )
                                      )
8                   Defendant.         )
     _____)
9

10

11

12

13                          --oOo--

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15        BEFORE THE HONORABLE EDWARD J. GARCIA

16                          --oOo--

17        FRIDAY, SEPTEMBER 26, 2008, 10:00 A.M.

18                          --oOo--

19

20

21

22

23

24

25    REPORTED BY:                    LAURIE A. HOWARD
                                      CSR No. 9802

              DIAMOND COURT REPORTERS (916) 498-9288

```
 1                      APPEARANCES

 2                        --oOo--

 3    FOR THE UNITED STATES:

 4         WILLIAM WONG
           Assistant U.S. Attorney
 5         501 I Street, Suite 10-100
           Sacramento, California  95814
 6
      FOR DEFENDANT GRIFFIN:
 7
           KALI GRECH
 8         Attorney at Law
           300 Montgomery Street, Suite 660
 9         San Francisco, California  94104

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              FRIDAY, SEPTEMBER 26, 2008, 10:00 A.M.

 2              SACRAMENTO, CALIFORNIA

 3                        --oOo--

 4         THE COURTROOM DEPUTY CLERK:  Criminal so

 5    06-451, United States versus Irvin Griffin.

 6         MR. WONG:  Good morning, Your Honor.

 7    William Wong on behalf of the United States.

 8         THE COURT:  Mr. Wong.

 9         MS. GRECH:  Kali Grech on behalf of

10    Defendant Irvin Griffin who is present.

11         THE COURT:  This is pronounced Grech?

12         MS. GRECH:  Grech.

13         THE COURT:  Ms. Grech.  And the defendant,

14    can you bring that microphone down a little closer to

15    him.  Would you say something so I can see if I can

16    hear you, Mr. Griffin.

17         THE DEFENDANT:  My name is Irvin Griffin.

18         THE COURT:  This matter is on calendar for

19    trial confirmation hearing.  The trial is scheduled

20    to commence next month.  However, I understand the

21    defendant now offers to change his plea to guilty

22    this morning.  Ms. Grech?

23         MS. GRECH:  Yes, Your Honor.  We've

24    reviewed this plea agreement and reviewed it in full

25    with our client, Mr. Griffin, and we have a signed
```

1    document.

2           THE COURT:  In anticipation of the change

3    of plea, I received an unsigned copy of the plea

4    agreement.  Is there a signed copy now?

5           MS. GRECH:  Yes, Your Honor.

6           THE COURT:  Could I see it, please.

7    Mr. Wong, any changes between the draft I received

8    earlier and the signed plea agreement?

9           MR. WONG:  No, Your Honor.

10          THE COURT:  Do you agree, Ms. Grech.

11          MS. GRECH:  Yes, Your Honor.

12          THE COURT:  As I understand it, in a

13    written plea agreement, the defendant offers to plead

14    guilty to Count 3 of the superseding indictment which

15    charges him with armed bank robbery and agrees to

16    waive appeal and collateral attack of the conviction

17    and sentence.  In return, the Government agrees to

18    move at the time of sentencing to dismiss with

19    prejudice the remaining counts in the indictment

20    against Defendant and to recommend a three level

21    reduction in offense level if Defendant accepts full

22    responsibility for his role in the offense.

23          Is that essentially the plea agreement,

24    Mr. Wong?

25          MR. WONG:  Yes, Your Honor.

1           THE COURT:  Do you agree, Ms. Grech?

2           MS. GRECH:  Yes I do, Your Honor.

3           THE COURT:  And you discussed this with

4    Mr. Griffin and that's what he wants to do?

5           MS. GRECH:  Yes, Your Honor.  Both David

6    Cohen and I have fully gone over the plea agreement

7    with Mr. Griffin.

8           THE COURT:  Is that correct, Mr. Griffin,

9    you want to change your plea to guilty to the charge

10   in Count 3 of the superseding indictment with those

11   understandings?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Before accepting your guilty

14   plea, there are a number of questions I will ask you

15   to insure that it is a valid plea and I will have you

16   sworn to tell truth for that purpose.  If you do not

17   understand any of the questions or at any time wish

18   to consult with your attorney, please say so since it

19   is important to a valid plea that you understand each

20   question before you answer it.

21          Ms. Clerk, please swear the defendant.

22          THE COURTROOM DEPUTY CLERK:  Will you raise

23   your right hand.  Do you swear you will answer

24   truthfully the questions which are asked of you

25   concerning your entry of plea so help you God?

                                          6

1           THE DEFENDANT:  Yes, I do.

2           THE COURT:  Do you understand that having

3    been sworn, your answers to my questions will be

4    subject to the penalties of perjury or making a false

5    statement if you do not answer truthfully?

6           THE DEFENDANT:  Yes I do, Your Honor.

7           THE COURT:  I wish to advise you that in

8    determining your sentence the court will first

9    determine a sentencing range applying the Federal

10   Sentencing Guidelines which are only advisory.  I

11   will then consider that range and determine a

12   reasonable sentence after considering certain

13   statutory sentencing factors.

14           This plea agreement is not binding on the

15   court and I cannot now predict what your actual

16   sentence will be.  Therefore, if I accept your plea

17   of guilty this morning, your case will be referred to

18   the U.S. Probation Office for a report and

19   recommendation after which I will determine your

20   sentence.  Until I receive that report, I simply

21   don't know enough about you, your background, or the

22   details and circumstances of the offense to which you

23   are offering to plead guilty to predict what your

24   actual sentence might be.

25           Therefore, I advise you that if you plead

1    guilty, you may be sentenced to a term higher than

2    your attorney may be predicting or to the maximum

3    term.  And if your attorney is making a mistake in

4    guideline computations, that will not form a basis

5    for you to withdraw your guilty plea.  Do you

6    understand that?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  Also, the sentencing

9    recommendations that the Government may be making in

10   return for your plea of guilty are not binding on the

11   court and if I decide to impose a more severe

12   sentence than is being recommended by the U.S.

13   Attorney and your attorney, you will not be entitled

14   to withdraw your guilty plea.  Do you understand

15   that?

16        THE DEFENDANT:  Yes, Your Honor.

17        THE COURT:  How old are you, Mr. Griffin?

18        THE DEFENDANT:  Twenty-one.

19        THE COURT:  How far did you go in school?

20        THE DEFENDANT:  Up to like I believe

21   eleventh grade.

22        THE COURT:  Can you hear him all right, Ms.

23   Reporter?

24        Do you understand what's happening here

25   this morning?

8

1            THE DEFENDANT:  Yes, I do.

2            THE COURT:  Are you presently under the

3    influence of alcohol or any drug or narcotic?

4            THE DEFENDANT:  No, I'm not.

5            THE COURT:  Counsel, do either of you have

6    any doubt as to the defendant's competence to plead

7    at this time?  Ms. Grech?

8            MS. GRECH:  No, Your Honor.

9            THE COURT:  Mr. Wong?

10           MR. WONG:  No, Your Honor.

11           THE COURT:  I find the defendant is

12   competent to plead at this time.

13           Have you had enough time now, Mr. Griffin,

14   to discuss your case and your plea of guilty with

15   your attorneys?

16           THE DEFENDANT:  Yes.  Yes, Your Honor.

17           THE COURT:  Are you satisfied with your

18   attorney's representation?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Let me read to you the charge

21   that you're offering to plead guilty to.  You're

22   charged in Count 3 of the superseding indictment on

23   file with a violation of Section 2113 Subdivision A

24   and D and Section Two of Title 18 U.S. Code, armed

25   bank robbery, aiding and abetting.  Specifically, the

1   grand jury charges in Count 3 that you, along with

2   others on or about January 7, 2005, in the State and

3   Eastern District of California that you did willfully

4   and by force, violence, and intimidation take from

5   the person and presence of an employee of World

6   Savings Bank at 301 Broadway, Chico, California,

7   approximately $5,030.50 belonging to and in the care,

8   custody, control, management, and possession of the

9   Bank, the amounts of which were then insured by the

10  Federal Deposit Insurance Corporation.

11       A grand jury further charges that in

12  committing the offense described herein in Count 3,

13  you did assault and put in jeopardy the lives of said

14  employees of the Bank by use of a dangerous weapon,

15  namely a handgun.

16       Mr. Wong, would you please advise the

17  defendant of the essential elements you will have to

18  prove at trial beyond a reasonable doubt to convict

19  the defendant of this charge?

20       MR. WONG:  Yes, Your Honor.

21       The defendant charged in Count 3 of the

22  Superseding Indictment of armed bank robbery in

23  conviction of 1321 A and D of Title 18 of the United

24  States Code.  In order for the defendant to be found

25  guilty of that charge, the Government must prove each

1    of the following elements beyond a reasonable doubt.

2        First, the defendant took from employees of

3    the Bank money belonging to the Bank;

4        Second, the defendant used force and

5    violence or intimidation in doing so;

6        Third, the deposits of the Bank were then

7    federally insured;

8        And fourth, that the defendant essentially

9    assaulted or put in jeopardy any person by the use of

10   a dangerous weapon or device in committing the

11   offense.

12       THE COURT:  Mr. Griffin, did you hear and

13   understand the statement of the prosecutor of the

14   essential elements that would have to be proved at

15   trial beyond a reasonable doubt to convict you of

16   this charge?

17       THE DEFENDANT:  Yes, I do, Your Honor.

18       THE COURT:  Do you understand then the

19   nature of the charge that you're offering to plead

20   guilty to and what is necessary to constitute guilt

21   of that offense?

22       THE DEFENDANT:  Yes, I do, Your Honor.

23       THE COURT:  That offense is punishable by

24   up to 25 years imprisonment, a fine of up to

25   $250,000, a three-year period of supervised release.

1           MR. WONG:  Five years.

2           THE COURT:  Five years, excuse me.  A

3    five-year period of supervised release, a $100

4    special assessment, and you may be required to make

5    full restitution for the loss caused by your wrongful

6    conduct.  Do you understand the maximum penalties?

7           THE DEFENDANT:  Yes, I do, Your Honor.

8           THE COURT:  Are you a citizen of the United

9    States, Mr. Griffin?

10          THE DEFENDANT:  Yes, I am.

11          THE COURT:  Are you presently on parole or

12   probation?

13          THE DEFENDANT:  No, I'm not.

14          THE COURT:  I'm now going to advise you of

15   the Constitutional rights that you'll be giving up if

16   you plead guilty.

17          You have a right to plead not guilty and to

18   stand by your plea of not guilty to this charge.  Do

19   you understand that right?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  You also have a right to a jury

22   trial on this charge and to be represented by counsel

23   at that trial.  Do you understand that right?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  And at that trial you have the

1    right to see and hear and question the witnesses

2    against you.  Do you understand that right?

3              THE DEFENDANT:  Yes, I do.

4              THE COURT:  You also have the right to

5    remain silent and not incriminate yourself.  Do you

6    understand that right?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  Do you understand that you

9    cannot be convicted of this charge unless all 12

10   jurors agreed on your guilt beyond a reasonable doubt

11   at a trial?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  If I accept your guilty plea to

14   this charge this morning, there will be no trial.

15   That is, by pleading guilty you are giving up your

16   right to the jury trial, your right to confront and

17   question the witnesses against you, and your right to

18   remain silent and not incriminate yourself.  Do you

19   understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Other than what has been said

22   here in open court or that may appear in your written

23   plea agreement, has anyone made you any other

24   promises in connection with penalty or punishment to

25   get you to plead guilty?

1               THE DEFENDANT:  No.

2               THE COURT:  Have you or anyone you know

3       been threatened in any way to get you to plead

4       guilty?

5               THE DEFENDANT:  No, Your Honor.

6               THE COURT:  As part of the your plea

7       agreement, you agree to waive or give up your rights

8       to appeal or to collateral attack of the conviction

9       and sentence.  Do you understand these rights?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Do you have any questions about

12      waiver of appeal or collateral attack?

13              THE DEFENDANT:  No, Your Honor.

14              THE COURT:  Do you knowingly and

15      voluntarily then waive your rights to appeal and

16      collateral attack of the conviction and sentence

17      pursuant to the plea agreement?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  What is your new plea then to

20      the charge in Count 3 of the superseding indictment,

21      violation of Section 2113 A and D in Section 2 of

22      Title 18 U.S. Code, armed bank robbery, aiding and

23      abetting, as I read it to you this morning, guilty or

24      not guilty?

25              THE DEFENDANT:  Guilty.

1          THE COURT:  And are you pleading guilty to

2    this charge freely and voluntarily with the advice of

3    your attorney and because in fact you're guilty of

4    this offense?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Mr. Wong, do you have a

7    previous factual basis for the change of plea?

8          MR. WONG:  Yes, Your Honor.  On January 7,

9    2005, at approximately 5:52 p.m., Neal Edward

10   Peterson, Jr., and Irvin Griffin entered the World

11   Savings Bank, 301 Broadway Street, Chico, California,

12   and pointed handguns and threatened bank employees

13   and customers with violence in order to rob the Bank

14   of approximately $5,030.50 in U.S. currency.

15         Peterson was wearing a black colored

16   beanie, dark gloves, white athletic shoes, and had

17   his face partially covered with a green and white

18   bandana.  Griffin was wearing a gray hooded

19   sweatshirt, dark pants white shoes white, gloves.

20         Griffin and Peterson went behind the teller

21   counter area and removed money from the teller

22   drawers.  The robbers threatened the employees of the

23   bank, customers with violence in order to gain

24   compliance in order to conduct the armed bank

25   robbery.

1             Peterson and Griffin fled south behind the

2     Bank through parking lot and alleyway to a waiting

3     light gray silver four-door Toyota Camry driven by

4     Marquez Tubbs.  Peterson and Griffin both got into

5     the back seat of the vehicle and laid down.  A

6     witness -- owned the vehicle matching the description

7     facing east parked in Fourth Street next to the Chico

8     Paper Company.  The witness observed the vehicle,

9     driven by a male, drive forward and then reverse

10    several times in its parking spot hitting two parked

11    vehicles before peeling out and driving east on

12    Fourth Street.

13             In an interview with agents of Tubbs, a

14    participant in the robbery of a World Savings Bank,

15    confirmed that he had parked a Toyota on Fourth

16    Street facing east next to the Chico Paper Company

17    and drove the vehicle eastbound away from the Bank

18    with Peterson and Griffin hiding in the back seat

19    area.  They then went to a motel after the robbery.

20             The loss to the World Savings Bank was

21    approximately $5,030.50.  The Bank was insured by the

22    Federal Deposit Insurance Corporation at the time of

23    the robbery.

24             THE COURT:  Mr. Griffin, did you hear and

25    understand that statement of the prosecutor?

1           THE DEFENDANT:  Yes, I did, Your Honor.

2           THE COURT:  As far as your personal conduct

3    is concerned, is that what you did?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  And do you accept the factual

6    basis for plea attached as Exhibit A to your plea

7    agreement?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  The defendant's plea of guilty

10   is accepted and a judgment of guilty is hereby

11   entered.

12          The court finds that there is a factual

13   basis for the plea of guilty, that the defendant

14   understands the nature of the charge and the

15   consequences of the plea; that he understands his

16   constitutional rights, and that the defendant's plea

17   of guilty was freely and voluntarily made.

18          This matter will now be referred to the

19   U.S. Probation Office for a report and

20   recommendation.  Sentencing will be postponed about

21   10 weeks for that purpose.

22          THE COURTROOM DEPUTY CLERK:  December 12,

23   Your Honor.

24          THE COURT:  I'll schedule sentencing for

25   December 12, '08, 10:00 a.m., if that date and time

1    is agreeable with counsel.

2            MR. WONG:  Yes, Your Honor.

3            MS. GRECH:  Yes, Your Honor.

4            THE COURT:  I understand the defendant is

5    out on unsecured bail, unsecured bond.  I'm inclined

6    to remand the defendant pending sentence.

7            Do you wish to be heard on that issue,

8    Ms. Grech?

9            MS. GRECH:  Yes, Your Honor.  Mr. Griffin

10   has been out of custody during this entire case and

11   he's remained out of trouble and he has family caring

12   for him.  He has a life here.  He has a lot of

13   contacts with the community, and he's remained free

14   from any further criminal involvement in any actions

15   since the time of his release.  Mr. Griffin suffers

16   from severe debilitating medical conditions, and for

17   his care we believe it's best that he remains out of

18   custody until sentencing.  We're working on gathering

19   his support for sentencing arguments pending the

20   hearing on the 12th and he's not a danger to anyone

21   or the community at large.

22           THE COURT:  Well, after conviction

23   Ms. Grech, the burden shifts to the defendant to

24   convince the court that he's not a flight risk or a

25   danger to others.  The statutory scheme is that the

1    defendant should be remanded on a serious charge as

2    this after plea.

3         What do you think, Mr. Wong?

4         MR. WONG:  Your Honor, I had an opportunity

5    to read extensive medical records of Mr. Griffin that

6    was provided by his doctor.  He has some serious

7    problems that's below his abdominal area all the way

8    to his tows.  He requires constant care.  He's

9    paralyzed.  Paralyzed permanently for life.  He has

10   made every court appearance.  I would have no

11   objection to him remaining free to his caretakers

12   while we wait for the sentencing date.

13        THE COURT:  One of the reasons I'm inclined

14   to remand him to custody is I'd like to have the U.S.

15   Attorney have a independent medical examination made

16   of the defendant.  When he was released initially by

17   the magistrate after indictment on this case he had

18   been in custody for about a week I guess.  He was

19   released primarily because of wheelchair sores that

20   he had on his body that had infected and that was the

21   primary reason, as I understand it from the minutes

22   of the case why he was released.  I assume that was,

23   what, two years ago?

24        MR. WONG:  Approximately, Your Honor.

25        THE COURT:  So, I assume that's been taken

                                             19

1    care of.  What do you think about an independent

2    medical examination?

3            MR. WONG:  I have no objection to doing

4    that.  I'm certain Mr. Griffin would make himself

5    available to appear at any physician that we select.

6            THE COURT:  Ms. Grech, are you willing to

7    commit to that, that you will surrender the defendant

8    to the U.S. Attorney for an independent medical

9    examination whenever it can be held?

10           MS. GRECH:  Yes, Your Honor.  If

11   Mr. Griffin is allowed to remain out of custody, I

12   assume that his family and caretakers will make sure

13   he attends every appointment for his evaluation.

14           THE COURT:  All right, is the Pretrial

15   Services officer in court?

16           MR. SHAN:  Your Honor, I'm not assigned to

17   this defendant, though but I can.

18           THE COURT:  I just want -- I just want

19   Pretrial Services to know about this commitment, that

20   he will surrender for an independent medical

21   examination, and if he doesn't I want that reported

22   to the court immediately and it will be on the date

23   that the U.S. Attorney selects, okay?

24           MR. SHAN:  Yes, Your Honor.

25           THE COURT:  All right, thank you.

1          MS. GRECH:  Your Honor, I'd like to add

2     beyond just the wheelchair sores he was facing at the

3     time of the released.

4          THE COURT:  Pardon.

5          MS. GRECH:  Beyond the wheelchair sores, he

6     has significant health problems beyond just that and

7     he needs the constant care of his family and

8     caretakers.

9          THE COURT:  Are all of these health

10     problems connected with the time and after he was

11     shot, or did he have them before?

12          THE DEFENDANT:  Yeah, it's been since the

13     time he was shot.

14          THE COURT:  They were all caused by the

15     wounds that he received?

16          MS. GRECH:  Yes, Your Honor.  He was

17     paralyzed for life.

18          THE COURT:  I have not been informed by

19     anyone, including the magistrate's court, as to how

20     the defendant was injured.  I know it was not in

21     connection with the crime that he committed or is

22     capture.  Do you know?

23          MS. GRECH:  Your Honor, I'm not exactly

24     aware right now, but if you would allow us to review

25     the medical records and submit a brief on this issue

1    why he should be allowed to stay out of custody, I'll

2    do that.

3              THE COURT:  That's right.  I'll ask the

4    probation officer.

5              PROBATION OFFICER:  Your Honor?

6              THE COURT:  Would you look into that?

7              THE PROBATION OFFICER:  As part of the

8    presentence report, absolutely.

9              THE COURT:  Thank you.  The defendant will

10   be allowed to stay out on bond pending sentence.

11   Excuse me.

12             Anything further, Mr. Wong?

13             MR. WONG:  No, Your Honor.  Thank you.

14             THE COURT:  Ms. Grech?

15             MS. GRECH:  No, Your Honor.  Your Honor,

16   thank you.

17             (Further proceedings were held.)

18                       --oOo--

19

20

21

22

23

24

25

```
 1                    REPORTER'S CERTIFICATE

 2    STATE OF CALIFORNIA    )
                             )  ss.
 3    COUNTY OF SACRAMENTO   )

 4        I, LAURIE A. HOWARD, certify that I was the

 5    Official Reporter, pro tem, and that I reported

 6    verbatim in shorthand writing the foregoing

 7    proceedings; that I thereafter caused my shorthand

 8    writing to be reduced to typewriting, and the pages

 9    number 1 through 22, inclusive, constitute a

10    complete, true, and correct record of said

11    proceedings:

12

13    COURT:  United States District Court
      JUDGE:  THE HONORABLE EDWARD J. GARCIA
14    CAUSE:  U.S. v. IRVIN GRIFFIN
      DATE:   Friday, September 26, 2008, 10:00 a.m.
15

16

17        IN WITNESS WHEREOF, I have subscribed this

18    certificate at Sacramento, California, on this, the

19    27th day of July, 2008.

20

21

22
                                 _____
23                               LAURIE A. HOWARD
                                 CSR No. 9802
24

25
                              23
          DIAMOND COURT REPORTERS (916) 498-9288
```