# BAY AREA CRIMINAL LAWYERS, PC

### ATTORNEYS AT LAW

300 Montgomery Street, Suite 660
San Francisco, CA 94104-1901
Tel (415) 398-3900 • Fax (415) 398-7500
inquiry@bayareacrimlaw.com
www.bayareacrimlaw.com

DAVID J. COHEN

Certified Specialist - Criminal Law
The State Bar of California
Board of Legal Specialization

Admitted in California
and New York

CHERIE R. BEASLEY
Admitted in California

JASON T. CAMPBELL
Admitted in California

May 20, 2010

MATT A. SULLIVAN
Admitted in California

BY FACSIMILE TO (916) 930-4355 AND BY UNITED STATES MAIL

Taifa M. Gaskins
U.S. Pretrial Services Officer
United States District Court
Eastern District of California
501 I Street, Suite 2400
Sacramento, CA 95814

> Re:   United States v. Peterson, et. al.;
>       Case No. CR-S-06-451 EJG

Dear Ms. Gaskins:[1]

On May 18, 2010 both I and my associate Matt Sullivan spoke to Chief Pretrial Services Officer Gina Faubion regarding Judge Garcia's order to you, in court, on May 14, 2010 that your office obtain portions of the medical records of our client, Mr. Griffin, and to provide those records to the Bureau of Prisons, the U.S. Marshal, and the County Sheriff for the purposes of assisting those entities in making a determination as to whether Mr. Griffin can be housed and cared for in their respective facilities.

### The Order By Judge Garcia Exceeds the Statutory Authority of Pretrial Services Under Title 18 USCS § 3154

I indicated to Officer Faubion that it was our position that this was not an appropriate job for Pretrial Services and exceeded the statutory authority granted to Pretrial Services by Title 18

---

1 We are filing a copy of this letter with the Court and e-mailing a copy to the Court's deputy clerk contemporaneously with our sending to you this letter.

Taifa M. Gaskins
Re:   <u>United States v. Peterson, et. al.</u>;
        Case No. CR-S-06-451 EJG
May 20, 2010
Page 2

USCS § 3154, functions and powers relating to pretrial services. That section does not provide that Pretrial Services is to assist the Court or the BOP in making determinations as to whether defendants can be adequately cared for within the prison system. The function of Pretrial Services is clearly set out in § 3154 and it is to assist the Court in making determinations regarding pretrial release, *not to assist any entity in making determinations regarding whether or not the federal prison system or the state prison system can provide adequate medical care for an individual.* Nothing in the statute allows Pretrial Services to do this, and the defense wants to make our objection to this clear. The defense position is that is improper for Pretrial Services to assist the Court in making this determination.

Further, we expect that Pretrial Services own rules and regulations do not authorize Pretrial Services to perform the function requested by Judge Garcia. I requested that Officer Faubion provide our office with the Administrative Office of the Courts Manual that provides the rules and regulations governing Pretrial Services. Ms. Faubion confirmed that this manual did exist, however, she did not believe she was authorized to release this manual to our office. Ms. Faubion directed that we contact the main office in Washington, D.C.

On May 19, 2010, my associate, contacted the main office of Pretrial Services in Washington, D.C. at 202-502-1600. He was advised that in order to obtain the manual, he needed to speak to Chris Mangiani, Probation and Pretrial Services Administrator. Mr. Sullivan left a message for Mr. Magiani requesting the manual. We have not received a response from him today.

We request that Pretrial Services inform the Court that the order by the Court exceeds the scope of its duties.

<u>Confidentiality</u>

Title 18 USCS § 3153 (c)(1) provides "Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential."

Taifa M. Gaskins
Re:  United States v. Peterson, et. al.;
     Case No. CR-S-06-451 EJG
May 20, 2010
Page 3

Title 18 USCS § 3153 (2) provides "The Director shall issue
regulations establishing the policy for release of information made
by confidential by paragraph (1) of this subsection. Such
regulations shall provide exceptions to the confidentiality
requirements under paragraph (1) of this subsection."

Title 18 USCS § 3153 (2)(E) provides that "in certain limited
cases [this information can be released] to law enforcement
agencies for law enforcement purposes."

It is our position that the release of Mr. Griffin's
confidential medical information to persons unknown at the BOP,
U.S. Marshal's Office, the County Jail, and/or the Court, is in
violation of Title 18 § 3153 (c)(1) and this release does not fall
under the "limited cases" exception.

Further, we have requested a copy of these regulations, and
Gina Faubion has indicated that they do exist, but that she does
not believe she is authorized to provide these regulations to us.
As discussed above, my associate contacted Pretrial Services in
Washington, D.C. to request these regulations. We have received no
response.

We request that Pretrial Services inform the Court that its
order, and May 14, 2010 suggestion that the Court might speak with
Pretrial Services officer off the record [See Exhibit A, May 14,
2010 TR. at 10, Lines 17-18 "if you need further guidance, I'll
talk to you about it later, after you get the medical reports,
okay?"] appears to violate statutory confidentiality requirements,
and request an amended order. It is, of course, the responsibility
of Pretrial Services to follow the existing Court order unless and
until it is duly amended.

Summary of Defense Position Relating to the Legality of the
Court's May 14, 2010 Order

It is our position that: (1) Pretrial Services is not
authorized by Title 18 USCS § 3154 to be obtaining and providing
limited portions of a severely disabled client's medical records to
the BOP, U.S. Marshal, and County Sheriff, in preparation for
sentencing; (2) Pretrial Services is prohibited by Title 18 USCS §
3153 from releasing Mr. Griffin's confidential medical information
to law enforcement or the Court, or in discussing these matters
                                                          Taifa

M. Gaskins
Re:  United States v. Peterson, et. al.;
     Case No. CR-S-06-451 EJG
May 20, 2010
Page 4

with the Court off the record, for this purpose; and (3) The
existing order must be followed, unless and until it is duly
amended.

> Danger and Unreliability of any Conclusions by Pretrial
> Services Other Then That a Doctor Must Review All Of Mr.
> Griffin's Records, Conduct an Independent Examination, and
> Then Speak With a BOP or Sheriff's Physician Before Any
> Conclusions are Presented to the Court

On May 19, 2010, my associate and I spoke to U.S. Pretrial
Services Officer Taifa Gaskins. I reiterated to her our position on
this matter, that Pretrial Services is not authorized by statute to
do what Judge Garcia has ordered, and in the event that Pretrial
Services believes this action is authorized by law, explained to
her that our primary concern is that Mr. Griffin could very well
suffer irreparable medical harm if not treated properly while in
custody, or even die. Based on the severity of his medical
condition, I told her that it is our position that it would be
improper for any determination to be made based on a review of a
limited portion of Mr. Griffin's medical records, and that such
review is not authorized.

We discussed the court hearing of September 26, 2008 in front
of Judge Garcia. On that date, Judge Garcia ordered the Assistant
United States Attorney William Wong to schedule an independent
medical exam of Mr. Griffin and ordered Pretrial Services to update
the Court on the status of such an exam. Pretrial Services officer
Sheehan was present. Ms. Gaskins indicated that she had followed
up on this order with Assistant United States Attorney William
Wong; however, he indicated to her that due to the evolving nature
of Mr. Griffin's medical condition, his position apparently was
that an expensive medical exam, even if it were to take place,
could be of little use inasmuch as by the time of Mr. Griffin's
eventual court appearance, given the severity of his condition, and
the changing nature of his condition, the findings from the medical
exam could potentially be superseded.

Pretrial Services never brought this situation to the Court's
attention.

It is our position that Pretrial Services should inform the
Court that in order to provide a full picture of Mr. Griffin's
medical condition, the independent medical exam previously ordered

Taifa M. Gaskins
Re:  <u>United States v. Peterson, et. al.</u>;
     Case No. CR-S-06-451 EJG
May 20, 2010
Page 5

on September 26, 2009 must be conducted by a qualified physician.
Without this independent medical exam, there is no way that any
non-physician BOP official, U.S. Marshal, or County Sheriff, can
make any appropriate determination, particularly based upon very
selective records.[2] Given the severity of Mr. Griffin's medical
condition, in order to make this determination, a thorough review
of all of his medical records would need to be conducted by a
licensed doctor, and then after that review, a physical exam of Mr.
Griffin's person would be required. Without this, there is no way
that a reasonable medical opinion could be formulated as to the
BOP, U.S. Marshal, or County Sheriff's ability to care for Mr.
Griffin.

     Without the full and complete picture of Mr. Griffin's complex
medical condition, a full review of the records, and a physical
examination, no reasonably competent doctor could recommend that
the BOP, U.S. Marshal, or County Sheriff could care for him. A
reasonable physician prior to making this recommendation, would
also have to have some understanding of the facilities within the
BOP or County Jail for the care of paraplegic inmates in Mr.
Griffin's unique condition and subject to his very unique medical
needs.  Without this knowledge, there would be no way for this
doctor to assert that Mr. Griffin's needs could be met at these
facilities.

     It is our position that the failure to undertake this thorough
and comprehensive review, and to have this review done by a doctor,
not by Pretrial Services, will be entirely negligent.  It is
entirely probable that Mr. Griffin could die or suffer further
damage to his compromised system if he does not receive the proper
type of care.  When Mr. Griffin was previously in custody, his
physical condition rapidly deteriorated.  It is our position that
Pretrial Services has an independent duty as an agency to not
undertake negligent actions, or to make negligent and/or misleading
representations.

     In the alternative, we have suggested that your office inform
the Court that in order to adequately and reasonably undertake the
task the Court has requested, an independent medical exam must be
conducted and a full review of the records must be conducted.
Further, we request that Pretrial Services inform the Court that

---

     2 It is believed that the voluminous medical records in this case
comprise numerous volumes, digital files, and banker's boxes.

Taifa M. Gaskins
Re:  <u>United States v. Peterson, et. al.</u>;
      Case No. CR-S-06-451 EJG
May 20, 2010
Page 6

two weeks to get together these extensive medical records, to speak
to Mr. Griffin's treating physicians and other medical personnel,
and to conduct a medical exam, is not enough time and that your
office needs at least 30 days, and probably much more to compile
and analyze the medical records.

     What follows is a list of doctors and medical personnel who
will be able to assist in putting together his complete medical
record and to provide information on his condition based on their
direct treatment of Mr. Griffin:

     1)   Samuel Glassner, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     2)   Jordan Y. Cohen, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     3)   Anthony Vennik, PA, John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     4)   Kendra Jacobson, PA-C, John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     5)   Deborah S. Arce, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     6)   Eric R. Marriotti, M.D., John Muir Medical Center,
          Concord Campus, (925) 682-8200.
     7)   Daniel Libke, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     8)   Bruce Frieberg, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     9)   Kellie Amador, NP, John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     10)  Hartwell Lin, M.D., John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     11)  Allan P. Drabinsky, John Muir Medical Center, Concord
          Campus, (925) 682-8200.
     12)  Barbara Ridley, RN, FNP, Alta Bates Summit Medical
          Center, Department of Physical Medicine and
          Rehabilitation, Spasticity Management Clinic, Disabled
          Community Health Clinic, (510) 204-4748.
     13)  Hussam El-Gohary, M.D., Alta Bates Summit Medical Center,
          (510) 204-4748.
     14)  Herbert Goodman, M.D., Alta Bates Summit Medical Center,
          (510) 204-4748.
     15)  Dr. Justin Chatten Brown, M.D., 2500 Alhambra Avenue,
          Martinez, (925) 370-5110.

Taifa M. Gaskins
Re:  United States v. Peterson, et. al.;
     Case No. CR-S-06-451 EJG
May 20, 2010
Page 7

    16)  Robert Wang, M.D., Sutter Delta Medical Center, (925)
        779-7234.
    17)  Michael Berlly, M.D., Santa Clara Valley Medical Center,
        San Jose, (408) 885-2000.
    18)  Suzy Kim, M.D., Santa Clara Valley Medical Center, San
        Jose, (408) 885-5000.
    19)  Michael Chen, M.D. Santa Clara Valley Medical Center, San
        Jose, (408) 885-5000.
    20)  Mark Slomoff, M.D. John Muir Medical Center, Emergency
        Services, Walnut Creek, (925) 939-5800.
    21)  Eliana Delgado, M.D., Department of Orthopedic Surgery,
        Parnassus, San Francisco, (866) 817-7463.
    22)  Serena S. Hu, M.D., Department of Orthopedic Surgery,
        Parnassus, San Francisco, (866) 817-7463.
    23)  Burton Baker, M.D., Walnut Creek, (925) 945-6644.

We are also, based upon the Court's request, attempting to provide to you information facilitating an updated prognosis for Mr. Griffin.

Very truly yours,

David J. Cohen

Enclosure

cc:  William S. Wong, Esq.,
     Assistant United States Attorney
     (By e-mail to William.Wong@usdoj.gov)