**EXHIBIT A**

```
 1                UNITED STATES DISTRICT COURT
 2               EASTERN DISTRICT OF CALIFORNIA
 3                    SACRAMENTO DIVISION
 4                         ---oOo---
 5
   THE UNITED STATES OF AMERICA,    )
 6                                  )
                       Plaintiff,   )
 7                                  )
   vs.                              )No. 2:06-cr-00451-EJG
 8                                  )
   IRVIN GRIFFIN,                   )
 9                                  )
                       Defendant.   )
10 _____  )
11                         ---oOo---
12
            BEFORE THE HONORABLE EDWARD J. GARCIA, JUDGE OF
13 THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF
   CALIFORNIA, AND ON MAY 14, 2010.
14
15            REPORTER'S TRANSCRIPT OF PROCEEDINGS
                      STATUS CONFERENCE
16
                          ---oOo---
17
   APPEARANCES:
18
   For the Plaintiff:         WILLIAM SZE WONG
19                            UNITED STATES ATTORNEY
                              501 I Street, Suite 10-100
20                            Sacramento, CA 95814
21 For the Defendant:         DAVID J. COHEN
                              ATTORNEY AT LAW
22                            BAY AREA CRIMINAL LAWYERS, PC
                              300 Montgomery Street
23                            Suite 660
                              San Francisco, CA 94104
24
25 Reported by:  VICKI L. BRITT, RPR, CSR No. 13170
```

```
 1            MAY 14, 2010 AT THE HOUR OF 10:00 A.M.
 2            BEFORE THE HONORABLE EDWARD J. GARCIA
 3                         ---oOo---
 4            THE COURT:  CR S-06-451, United States versus
 5   Irvin Griffin.
 6            MR. WONG:  Good morning, your Honor.  William Wong
 7   on behalf of the United States.
 8            THE COURT:  Mr. Wong.
 9            MR. COHEN:  Good morning, your Honor.  David Cohen
10   on behalf of Mr. Griffin.
11            THE COURT:  Mr. Cohen.
12            Give me just a minute, please.
13            I put this matter on calendar for a status
14   conference, after I received the proposed stip and order,
15   again requesting another continuance of sentencing in this
16   matter; this time for an eight month continuance for
17   sentencing.
18            Defendant plead guilty to armed robbery on
19   September 26, 2008, and was scheduled to be sentenced
20   December 12, 2008.  That's about a year and a half ago.  He
21   has not yet been sentenced.  The defendant was -- the
22   indictment was filed, and defendant was arraigned in
23   November of 2006.  That's about three and a half years ago.
24            He was released on an unsecured $25,000 bond, and
25   released to the third party custody of his mother, with
```

```
 1   pretrial supervision.
 2              Sentencing has been continued about six times,
 3   presumably because of defendant's medical condition.  I'd
 4   like an update on defendant's condition, with medical
 5   reports and a prognosis, which I've never received.  A
 6   proposed stipulation itself requests that defendant's
 7   medical condition be addressed.  So would somebody please
 8   address it, and just tell me what you have, and what you
 9   think you have, and then I'm going to put this matter over
10   for about a week, and I want all medical reports that are
11   triggering this latest request for continuance.
12              I suspect, Mr. Cohen, you just don't want the
13   defendant to go to prison, as he is going to go, whether you
14   like it or not.  So what do you have?
15              MR. COHEN:  Your Honor, I do have some medical
16   records with me this morning.  But the issue here, from both
17   sides, I think, is that we want to --
18              THE COURT:  Speak for yourself.  I'm not satisfied
19   with the way either one of you have handled this case over
20   the years before me, and I've told you that before, so just
21   speak for yourself.
22              MR. COHEN:  That the issue is that it would be
23   important, from our perspective, to get Mr. Griffin in a
24   condition for sentencing at the time that he's sentenced.
25   He has a number of medical issues, and we're trying to make
```

```
 1   sure that those are first addressed.  As soon as he's
 2   healthy, and those issues are addressed, we would be --
 3           THE COURT:  Now, Mr. Cohen, I heard this before
 4   about a year and a half ago.
 5           MR. COHEN:  Well, no.  The point are these are
 6   continuing conditions.  He had an operation to remove --
 7           THE COURT:  That's why I want a prognosis, and
 8   that's why I want medical records.  I'm considering
 9   appointing an independent medical officer to examine the
10   defendant.  I understand he's running loose, that his mother
11   takes him wherever he has to go.  He goes to school, and all
12   of those things, and he can't come to court to be sentenced.
13           MR. COHEN:  Well, he's been at court every time
14   he's been required to be in court.
15           THE COURT:  I'm not saying that.  Is the pretrial
16   services officer here?  See, I haven't received any reports
17   about the defendant's condition from pretrial services.
18   Aren't you a little concerned that he's been running loose
19   all these years, after he's been convicted of armed bank
20   robbery?
21           THE PROBATION OFFICER:  I'm not exactly sure what
22   your Honor is asking from pretrial services.  What would you
23   like us to do?
24           THE COURT:  Well, I want some medical reports.
25   Now, I understand that the defendant is being supervised by
```

```
 1   a probation officer in the Bay Area?
 2            THE PROBATION OFFICER:  Yes, your Honor.
 3            THE COURT:  You're not personally supervising the
 4   defendant?
 5            THE PROBATION OFFICER:  No, your Honor.
 6            THE COURT:  That's part of the problem.  I'd like
 7   a report from the sheriff's office, also from the pretrial
 8   services, as to whether or not they can treat this defendant
 9   in his current medical condition.  And to do that, you'll
10   probably have to submit some medical reports to the sheriff,
11   okay?
12            THE PROBATION OFFICER:  Yes.
13            THE COURT:  And I'll get a date for that in just a
14   minute.
15            Continue, Mr. Cohen.
16            MR. COHEN:  Yes, so that's the point, is to get
17   him healthy and prepared to go to sentencing.  And there
18   have been ongoing medical issues --
19            THE COURT:  I'm not that concerned about getting
20   him healthy.  I think, you hope, he'll never get healthy,
21   where he can be sentenced.  And I think that the prison
22   system is able to treat him.  Who's paying for all of his
23   medical treatment he's been receiving over the years?
24            MR. COHEN:  I believe it's Medi-Cal, but I'm not
25   positive, your Honor.  I know that they have a plan they go
```

```
1   to.  I don't know the exact answer to that.  I can get that
2   for you.
3           But there have been ongoing issues; when I say
4   ongoing, not the same ones, additional ones.  He's
5   paraplegic.  He's in a wheelchair.  He has these serious
6   spasms.  He has these current bladder issues.  He had the
7   bullet --
8           THE COURT:  I understand he had all of that the
9   day he plead guilty about a year and a half ago.
10          MR. COHEN:  These are things that have been coming
11  up, and I have current records that --
12          THE COURT:  He was shot about three and a half
13  years ago?
14          MR. COHEN:  It was in January of '06, your Honor,
15  or it may have been January of '05.
16          THE COURT:  Okay.
17          MR. COHEN:  So, you know, just for the record,
18  your Honor, that's -- your Honor has made a number of
19  allegations.  All I'm trying to do is my job, which is to
20  make sure that these medical issues are addressed.  That's
21  all.  I'm not trying to do anything --
22          THE COURT:  I'm willing to address the medical
23  issues.  I just want some independent information about
24  these medical issues and why he cannot be sentenced and
25  handled by the U.S. Bureau of Prisons.
```

```
 1              Mr. Wong, have you contacted the U.S. Bureau of
 2   Prisons to see if they can handle this defendant?
 3              MR. WONG:  I have spoken with the Bureau of
 4   Prisons.  They tell me that in Illinois, they do have a
 5   medical facility there.  They have paraplegic inmates there.
 6   Whether or not he has ongoing other problems, outside of
 7   being paralyzed, is something that I spoke to one of the
 8   physicians that's treating him.  I spoke to her on the
 9   phone.  And I've been advised that, what she tells me
10   comports with the medical records.
11              Mr. Cohen tells me -- his associate tells me that
12   current medical records are up to date, I believe, to within
13   the last week, that justifies this extension.  I said, well,
14   if it justifies it, then we'll bring it to the Court.
15              THE COURT:  Okay, Mr. Cohen, if you say that you
16   have medical records that support the stip and order that
17   the two of you submitted for this lengthy continuance, I
18   want you to turn copies of those medical reports over to
19   pretrial services.  And then I want a recommendation from
20   pretrial services, in consultation with the U.S. Bureau of
21   Prisons, and the U.S. Marshal's office, as to whether I can
22   schedule this matter for sentencing in the next couple of
23   weeks.
24              MR. COHEN:  Well, your Honor, I think that your
25   Honor's idea about appointing an independent individual to
```

1  assess Mr. Griffin's medical condition is a good idea. Your
2  Honor mentioned that that was perhaps something your Honor
3  was considering at the time of the plea in this case. And
4  as a practical matter, it's just expensive to have an
5  independent doctor appointed, and that's really why we don't
6  have it. I don't have the independent funding for it.
7           THE COURT: I know. I should have done it a year
8  and a half ago. I don't think I'm going to do it now.
9           Do you have any problem with turning over the
10 medical reports that you now have?
11          MR. COHEN: Of course not.
12          THE COURT: Okay, do that today, before you leave
13 the building, and I'm going to put this matter over for two
14 weeks.
15          MR. COHEN: Just with respect to Mr. Wong's
16 comment about the Bureau of Prisons and whether they have
17 the ability to treat Mr. Griffin and paraplegics in
18 Springfield, we have different information about that, and
19 we're going to present that to the Court at the time of
20 sentencing, in terms of the fact that it's our view that --
21          THE COURT: Well, you should have presented that a
22 year and a half ago. I was all prepared to sentence this
23 defendant then.
24          MR. COHEN: Well, we've never actually had a
25 sentencing hearing in this case.

```
 1              MR. COHEN:  I'm just saying at the sentencing
 2   hearing, that's going to be our position, just so your Honor
 3   knows.  I'm not trying to --
 4              THE COURT:  I've read the probation officer's
 5   report.  The probation officer is recommending a downward
 6   departure, or variance -- I can't remember which -- off the
 7   guideline range.  And I was considering going along with
 8   what the probation office is recommending.  However, I'm not
 9   inclined to go any further, and I ought to let both of you
10   know that, if that's what you're thinking about.
11              MR. COHEN:  Well, that's certainly something that
12   I'm sure, your Honor, when we submit the
13   sentencing memorandum --
14              THE COURT:  I have a full presentence report.
15              MR. COHEN:  I understand that.  I'm saying the
16   sentencing memorandum from the defense.  I'm sure that when
17   your Honor --
18              THE COURT:  Get it in, get your sentencing
19   memorandum in in the next two weeks.  I'm going to continue
20   this matter for two weeks.  Give me your sentencing
21   memorandum, do you understand me?
22              MR. COHEN:  Your Honor, that's absolutely true.
23   Clearly, I understand you.  In two weeks, when I come back,
24   we will file our sentencing memorandum.  That's what your
25   Honor is saying.
```

1           THE COURT: Okay, that's good enough. I want the
2  sentencing memorandum within two weeks.
3           MR. COHEN: Yes, that's fine. And then as I
4  understand it, your Honor is going to review the records, in
5  conjunction with pretrial services, and will schedule the
6  sentencing. We're trying to schedule a time to address
7  these issues, that's all.
8           THE COURT: I want to address the same issues.
9           Anything you want to add, Mr. Wong?
10          MR. WONG: No, your Honor.
11          THE COURT: We'll continue this matter for a
12 status conference two weeks from today. Defense counsel is
13 ordered to turn over whatever medical reports he has in
14 support of his stipulation to continue sentencing for nine
15 months to the pretrial services officer, and I'll consult
16 with the pretrial services officer further.
17          If you need further guidance, I'll talk to you
18 about it later, after you get the medical reports, okay?
19          THE PROBATION OFFICER: Thank you, your Honor.
20          MR. WONG: Your Honor, could the Government also
21 get a copy of that too?
22          THE COURT: Yes. You mean you signed the stip
23 without --
24          MR. WONG: No. I want an actual copy.
25          MR. COHEN: We knew that the reports were coming

```
 1   in when we signed the stip.  I've since been faxed those
 2   reports, and that's what I brought to court.  I showed them
 3   to Mr. Wong before the hearing.
 4           THE COURT:  Okay, give him copies of them and give
 5   copies to the pretrial services officer.
 6           What's two weeks, Colleen?
 7           THE CLERK:  May 28, your Honor.
 8           THE COURT:  This matter is over to May 28, 2010,
 9   at 10:00 a.m., for a status conference.  Anything further
10   for now, Mr. Cohen?
11           MR. COHEN:  No.  Thank you, your Honor.
12           MR. WONG:  Your Honor, does the Court want the
13   defendant here on that date?
14           THE COURT:  No.  Yeah, I'd like to see if him, but
15   if he's as bad off as this stip and order seems to
16   indicates, no, I don't want to push him.  Although, you
17   know, thinking about it, am I right that he's going to
18   school every day?
19           MR. COHEN:  He's gone to school, not every day,
20   your Honor, no.
21           THE COURT:  How often?
22           MR. COHEN:  I believe he goes on a regular basis.
23           THE COURT:  I understand he goes on a regular
24   basis, and his mother takes him to and from.
25           MR. COHEN:  Most of the time, actually, it's his
```

```
 1  girlfriend who takes him back and forth.  He's in school, as
 2  I understand it, DVC.  He's also --
 3          THE COURT:  Well, if he can go to school, I
 4  imagine he can come to court.
 5          MR. COHEN:  Well, you know, I didn't say he
 6  couldn't come to court.  But I do think that with respect to
 7  the status conference, it certainly did facilitate the
 8  situation, he could come here on short notice, etc.  So if
 9  your Honor orders him here, he'll certainly be here.  But I
10  think that we can address these issues that your Honor has
11  addressed.
12          THE COURT:  Okay, I won't order him into court.
13  I'll waive his presence.
14          MR. COHEN:  Thank you, your Honor.
15          (Whereupon, the hearing concluded.)
16
17
18
19
20
21
22
23
24
25
```

```
 1                    REPORTER'S CERTIFICATE

 2

 3    STATE OF CALIFORNIA  )
                           )ss.
 4    COUNTY OF SACRAMENTO )

 5

 6         I, Vicki L. Britt, Certified Shorthand Reporter

 7    and Registered Professional Reporter, hereby certify that I

 8    was duly appointed and qualified to take the foregoing

 9    matter;

10

11         That acting as such reporter, I took down in

12    stenotype notes the testimony given and proceedings had;

13

14         That I thereafter transcribed said shorthand notes

15    into typewritten longhand, the above and foregoing pages

16    being a full, true and correct transcription of the

17    testimony given and proceedings had.

18

19                        /s/ Vicki L. Britt
                         _____
20                        Vicki L. Britt, RPR, CSR No. 13170
```